

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

*overruled by*
*C-760*

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Dear Sir:

Opinion No. O-6339
Re: Under the provisions
of Article 6675a-3 are
motor vehicles oper-
ated by Housing Author-
ities of Texas cities,
eligible to receive fee
exempt license plates?

We have received and carefully considered your re-
quest for an opinion on the above matter, said request reading
as follows:

"We have received numerous requests recently
from the Housing Authorities of Texas cities request-
ing this Department to issue fee exempt license plates
for vehicles operated by such housing authorities. In
each instance we are informed by the applicant that
the vehicles have been obtained from the Federal Public
Housing Authority on lease and in numerous instances
they have been operated by the local housing authority
under Federal license plates of some nature until such
plates were withdrawn by the Federal Government. Let-
ter from the Housing Authority of the city of Corpus
Christi and from the city of San Antonio are attached
hereto to give you all of the information we have in
this connection.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable D. C. Greer, Page 2

"Article 6675 a-3 provides that owners of
motor vehicles, trailers, semi-trailers, which
are the property of, and used exclusively in the
service of the U. S. Government, State of Texas,
or any County or School District thereof shall ap-
ply annually to register all such vehicles, but
shall not be required to pay the registration fees
prescribed in the Act, provided affidavit is made
at the time of registration by a person who has
the proper authority that such vehicles are the
property of, and used exclusively in the service
of the U. S. Government, the State of Texas, or
County, or City or School District thereof as the
case may be. We are not familiar with the legal
status of housing authorities owned, operated or
sponsored by Texas cities and there is considerable
doubt in our mind that motor vehicles operated by
such housing authorities are eligible to receive
exempt plates as provided by Article 6675 a-3 above
referred to.

"We shall be glad to receive your advice on
this question at your earliest convenience in
order that we may reply to the numerous requests
we have received and are receiving for such plates
and respectfully request that you return to us with
your opinion the two letters hereto attached."

Article 6675a-3 of Vernon's Annotated Civil Statutes
is in part as follows:

". . . Owners of motor vehicles, trailers
and semi-trailers, which are the property of, and
used exclusively in the service of the United States
Government, the State of Texas, or any County, City
or School District thereof, shall apply annually to
register all such vehicles, but shall not be required
to pay the registration fees herein prescribed, pro-
vided that affidavit is made at the time of registration
by a person who has the proper authority that such vehi-
cles are the property of and used exclusively in the
service of the United States Government, the State of
Texas, or County or City or School District thereof,
as the case may be. . . ."

Honorable D. C. Greer, Page 3

Article 6675a-3aa of said Statutes, is in part, as follows:

"Before the delivery of license plates to anyone engaged exclusively in the service of and operating vehicles which are the property of the United States Government, or the State of Texas, or any counties, or cities thereof, such application shall have the approval of the State Highway Department before said plates are issued to any such applicant, and if it appears that said vehicle was transferred to any such agency for the sole purpose of evading the payment of registration fees, or that the same was not made in good faith, such plates shall not be issued. If, after the issuance of such, said vehicles cease to be, or are found to not be the property of such agencies, then such license fee receipt may be revoked, said plates may be recalled, and taken into possession by the State Highway Department.. . ."

Article 1269k, Sections 1-23, of said Statutes provides for housing projects in cities in Texas, but we find nothing therein showing that a motor vehicle operated by a city housing authority comes within the exemption from the payment of registration fees for such motor vehicle because same is used exclusively in the service of a city in Texas.

Section 4 of said Statute provides that in each city of the State there is created a public body corporate and politic to be known as the "Housing Authority" of the city. Section 5 provides that upon the governing body of a city adopting a resolution that there is a need for such housing authority in that city, the mayor shall appoint five persons as commissioners of the authority created for such city, but no commissioner of an authority may be an officer or employee of the city for which the authority is created, and the powers of the authority are vested in the commissioners. Section 8 sets out the powers of the authority as follows:

"Sec. 8. An authority shall constitute a public body corporate and politic, exercising public and essential governmental functions, and having all the powers necessary or convenient to carry out and effectuate the purposes and provisions of this Act,

Honorable D. C. Greer, Page 4

including the following powers in addition to others herein granted:

"(a) To sue and to be sued; to have a seal and to alter the same at pleasure; to have perpetual succession; to make and execute contracts and other instruments necessary or convenient to the exercise of the powers of the authority; and to make and from time to time amend and repeal bylaws, rules, and regulations, not inconsistent with this Act, to carry into effect the powers and purposes of the authority.

"(b) Within its area of operation: to prepare, carry out, acquire, lease, and operate housing projects; to provide for the construction, reconstruction, improvement, alteration, or repair of any housing project or any part thereof.

"(c) To arrange or contract for the furnishing by any person or agency, public or private, of services, privileges, works, or facilities for, or in connection with, a housing project or the occupants thereof; and (notwithstanding anything to the contrary contained in this Act or in any other provision of law) to include in any contract let in connection with a project, stipulations requiring that the contractor and any subcontractors comply with the requirements as to minimum wages and maximum hours of labor, and comply with any conditions which the Federal Government may have attached to its financial aid of the project.

"(d) To lease or rent any dwellings, houses, accommodations, lands, buildings, structures, or facilities embraced in any housing project and (subject to the limitations contained in this Act) to establish and revise the rents or charges therefor; to own, hold, and improve real or personal property; to purchase, lease, obtain options upon, acquire by gift, grant, bequest, devise, or otherwise any real or personal property or any interest therein; to acquire by the exercise of the power of eminent domain any real property; to sell, lease, exchange, transfer, assign, pledge, or dispose of any real or

Honorable D. C. Greer, Page 5

personal property or any interest therein to
insure or provide for the insurance of any real
or personal property or operations of the author-
ity against any risks or hazards;  to procure in-
surance or guarantees from the Federal Government
of the payment of any debts or parts thereof
(whether or not incurred by said authority) secured
by mortgages on any property included in any of its
housing projects.

"(e)  To invest any funds held in reserves or
sinking funds, or any funds not required for immed-
iate disbursement, in property or securities in
which savings banks may legally invest funds sub-
ject to their control;  to purchase its bonds at a
price not more than the principal amount thereof
and accrued interest, all bonds so purchased to be
cancelled.

"(f)  Within its area of operation:  to inves-
tigate into living, dwelling, and housing conditions
and into the means and methods of improving such con-
ditions;  to determine where slum areas exist or where
there is a shortage of decent, safe, and sanitary
dwelling accommodations for persons of low income;
to make studies and recommodations relating to the
problem of clearing, replanning, and reconstructing
of slum areas, and the problem of providing dwelling
accommodations for persons of low income, and to co-
operate with the city, the county, the State or any
political subdivision thereof in action taken in
connection with such problems;  and to engage in
research, studies, and experimentation on the subject
of housing.

"(g)  Acting through one or more commissioners
or other person or persons designated by the authority;
to conduct examinations and investigations and to hear
testimony and take proof under oath at public or pri-
vate hearings on any matter material for its informa-
tion;  to administer oaths, issue subpoenas requiring
the attendance of witnesses or the production of books
and papers and to issue commissions for the examination
of witnesses who are outside of the State or unable to

Honorable D. C. Greer, Page 6

attend before the authority, or excused from attendance; to make available to appropriate agencies (including those charged with the duty of abating or requiring the correction of nuisances or like conditions, or of demolishing unsafe or unsanitary structures within its area of operation) its findings and recommendations with regard to any building or property where conditions exist which are dangerous to the public health, morals, or safety or welfare.

"(h) To exercise all or any part or combination of powers herein granted. No provisions of law with respect to the acquisition, operation, or disposition of property by other public bodies shall be applicable to an authority unless the Legislature shall specifically so state."

Section 9 provides that no housing authority shall construct or operate any such project for profit, or as a source of revenue to the city, and that the rentals shall be fixed at no higher rate than necessary to produce sufficient revenues to take care of the principal and interest and cost of maintaining and operating the project. Section 12 provides that an authority shall have the right to acquire real property by the exercise of the power of eminent domain, but that no real property belonging to the city may be acquired without its consent. Section 13 provides that all housing projects of an authority shall be subject to the planning, zoning, sanitary and building laws, ordinances and regulations applicable to the locality in which the housing project is situated. Section 14 provides that an authority shall have power to issue bonds, but that same shall not be a debt of the city. Section 16 provides that, in connection with the issuance of bonds, or the incurring of obligations under leases, the authority shall have power to pledge its rents, fees, or revenues, mortgage its property and do various and sundry other things that might be necessary in order to carry project forward. Section 18 provides that an obligee of said authority shall have the right to compel said authority, by a mandamus, suit, action or proceeding at law or in equity, to perform its contracts, but the city has nothing to do with the performance of any of said duties. Section 20 provides that all real property of an authority shall be exempt from levy and sale by virtue of an execution, but that same shall not apply to or limit the right of an obligee to foreclose an mortgage. Section 21 provides that an authority

Honorable D. C. Greer, Page 7

can borrow money or accept grants from the Federal Government in aid of a housing project, as well as, take over or lease or manage any housing project constructed or owned by the Federal Government, and to execute such agreements, mortgages, etc., as may be necessary therefor. Section 22 provides that the property of an authority is public property and is exempt from all taxes and special assessments of the City, County and State or any political subdivisions thereof, but no provision is made exempting it from paying registration fees on motor vehicles owned or leased by it. Therefore, your question is answered in the negative.

We are returning to you herewith the letters accompanying your request.

Trusting that this satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Jas. W. Bassett
Jas. W. Bassett
Assistant

JWB:fo
Enc.



APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN